Richard L. KELLEY, Plaintiff,

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant.**

Civ. A. No. 88–2030–S.

United States District Court, D. Kansas.

June 9, 1989.

Phelps–Chartered, Fred W. Phelps, Jr., Topeka, Kan., for plaintiff.

William G. Howard, Lathrop Koontz & Norquist, Overland Park, Kan., Jonathan R. Haden, Jack R. Headley, Lathrop Koontz & Norquist, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion to reconsider or to alter or amend the order of this court dated February 23, 1989. In that order, this court granted defendant's motion for summary judgment.

In this case, plaintiff is claiming that defendant wrongly denied him separation pay when he voluntarily resigned his position with defendant. Plaintiff claims this alleged denial of benefits violated the Employee Retirement Income Security Act of 1974 (ERISA). In our earlier order, we found that under the terms of the benefit plan, the administrator of the plan did not act arbitrarily or capriciously in denying plaintiff separation pay. The arbitrary and capricious standard of review was applicable in ERISA cases according to a majority of circuit courts, including the Tenth Circuit Court of Appeals. *See Naugle v. O'Connell,* 833 F.2d 1391, 1393 (10th Cir. 1987).

Plaintiff bases the present motion on a United States Supreme Court decision handed down just two days prior to our decision in this case. On February 21, 1989, the Supreme Court held that when a denial of benefits is challenged under 29 U.S.C. § 1132(a)(1)(B), the court should apply a de novo standard of review when reviewing the plan administrator's actions. *Firestone Tire & Rubber Co. v. Bruch,* —— U.S. ——, ——, 109 S.Ct. 948, 956, 103 L.Ed.2d 80, 95 (1989). Under the new de novo standard, the court is to determine the terms of the plan by "the provisions of the instrument in light of all the circumstances and such other evidence of the intention of the settlor with respect to the [plan] as is not inadmissible." *Id.* —— U.S. at ——, 109 S.Ct. at 955, 103 L.Ed.2d at 93 (quoting Restatement (Second) of Trusts § 4, Comment d (1959)).

The issue in this case is whether plaintiff, an employee who voluntarily resigned his position with defendant to take employment with another company, is entitled to separation pay. The terms of the benefit plan's documents clearly indicate that an employee's position must be declared "surplus" before severance benefits are available. The plan was designed to provide a type of unemployment compensation instead of accumulated compensation for past service. *See Holland v. Burlington Industries, Inc.,* 772 F.2d 1140, 1149 (4th Cir.1985). Here, plaintiff's position was never declared surplus. In fact, defendant filled plaintiff's position with another person after plaintiff's departure.

Plaintiff, however, attempts to avoid summary judgment by arguing that the plan was not administered in a consistent and fair manner. The affidavit of B.J. Urzendowski indicates that his position was declared "surplus" only after he decided to leave the company.

The court finds, however, that even under the de novo review of the plan administrator's actions, the evidence shows that the only employees receiving separation benefits were ones whose positions were actually surplus. Those employees were never replaced. The positions were eliminated pursuant to a force reduction program.

The terms of the plan documents state that only employees whose positions are terminated under the Force Management Program are eligible for the separation pay. Also, the plan is not one in the nature of compensation for past services. Finally, defendant's conduct in administering the plan indicates that separation pay was made available only to employees who were actually surplus and who were not replaced. Thus, even under the newly applicable de novo standard, the court finds that defendant did not wrongly deny plaintiff separation benefits when he voluntarily left the company. Therefore, the court will not reverse its earlier order granting defendant's motion for summary judgment.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to reconsider or to alter or amend this Court's Order of February 23, 1989 is denied.